IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CENTRAL MUTUAL INSURANCE COMPANY** | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | **CIVIL ACTION NO. 4:22-1388** |
| | § § | |
| **ANTHONY PALACIOS and ROY ROBERSON** | § § § | |
| *Defendant.* | § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW COMES** Plaintiff Central Mutual Insurance Company ("CMIC") and files this Complaint for Declaratory Judgment, pursuant to 28 U.S.C. §§2201 and 2202, and respectfully shows:

## I.
## INTRODUCTION

1.1     This is an action for declaratory judgment to determine whether Plaintiff Central Mutual Insurance Company ("CMIC") has a duty to defend or indemnify Defendant Anthony Palacios ("Palacios") under a business auto policy of insurance issued to AV Warehousing & Crating, LLC ("AV Warehousing") for claims asserted by Roy Roberson ("Roberson") in a lawsuit styled *Roy Roberson v. AV Warehousing & Crating, LLC, et al.* Cause No. 8667927, pending in the 269th District Court, Harris County, Texas ("Underlying Lawsuit"). CMIC is currently defending Palacios in the Underlying Lawsuit under reservation of rights but seeks a declaratory judgment that Palacios is not an insured on the CMIC policy, that he is not entitled to a defense or indemnity under the CMIC policy, and that CMIC has no duty to defend or

indemnify Palacios for any judgment that may be awarded against him in the Underlying Lawsuit.

## II.
## PARTIES

2.1    Plaintiff CMIC is a Georgia insurance company with its principal place of business in Van Wert, Ohio.

2.2    Defendant Anthony Palacios is an individual residing at 5722 Hopper Road, Houston, Texas 77016, who may be served with process at this address or any other location where he may be found.

2.3    Defendant Roy Roberson is an individual residing at 5350 Aero Park, Apartment 2502, Houston, Texas 77032, who may be served with process at this address or any other location where he may be found. Defendant Roberson is an interested party in this action by virtue of his claims against Palacios.

## III.
## JURISDICTION AND VENUE

3.1    This Court has jurisdiction pursuant to 28 U.S.C. §1332. The parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3.2    Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §1391(a)(2) because the Defendant resides there, the Underlying Lawsuit is pending there, and a substantial part of the events or omissions giving rise to the claim for declaratory relief occurred there.

## IV.
## THE UNDERLYING LAWSUIT

4.1     The Underlying lawsuit was brought by Roberson against Palacios as well as CMIC's Named Insured, AV Warehousing. Roberson originally asserted that Palacios was an employee of AV Warehousing, acting in the course and scope of employment, and driving a large commercial vehicle owned by AV Warehousing when he was involved in a collision with Roberson's vehicle on August 7, 2020, in Houston.

4.2      Due to these allegations, CMIC initially agreed to provide a defense for Palacios as well as AV Warehousing.

4.3     Subsequently, Roberson nonsuited AV Warehousing and sued Antonio Cardonia Palacios dba Laredo Auto Truck Repair ("Laredo"), asserting the vehicle had been taken to Laredo for repairs, and Palacios, working for Laredo, was returning it to Laredo after taking it to be washed when the accident occurred. Antonio Cardonia Palacios, who does business as Laredo, is the father of Defendant Palacios. Roberson alleges that Laredo owned, leased or exercised control over the vehicle in question, as part of Laredo's "fleet of large company vehicles," and negligently allowed Palacios to drive it.

## V.
## THE CMIC POLICY

5.1     CMIC issued Policy No. BAP 8667927 10 to AV Warehousing & Crating, LLC, and AV Metals, LLC, for the period of May 29, 2020, to May 29, 2021. The policy provides business auto liability coverage of $1 million each accident. The policy provides no coverage for the claims brought by Roberson.

## VI.
## BUSINESS AUTO COVERAGE

6.1     The introductory section of the Business Auto Coverage Form, no. CA0001 10 13, states that the words "you" and "yours" in the policy refer to the Named Insured, AV Warehousing.

6.2     The insuring agreement of the Covered Autos Liability Coverage section of the Business Auto Coverage Form reads as follows, in pertinent part:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of a covered "auto".
>
> * * *
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages. . . .

6.3     The policy lists the vehicle involved in this accident, a 2007 Chevrolet Silverado, on the schedule of covered autos AV Warehousing owns. As a result, it qualifies as a covered auto.

6.4     The policy contains a Who Is An Insured section. It provides, in pertinent part:

> The following are "insureds":
>
> a. You for any covered "auto".
>
> b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
>
> * * *

(3) Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is yours.

6.5     AV Warehousing is not alleged to have given Palacios permission to use the truck. However, even if he were a permissive user, Palacios was using AV Warehousing's covered auto while working in a business of servicing or repairing autos, a business that did not belong to named insured AV. For this reason, Palacios does not qualify as an insured on the CMIC policy, and Palacios is, therefore, not entitled to either a defense or indemnity under the CMIC policy.

6.6     Because Palacios is not entitled to a defense under the CMIC policy, CMIC is entitled to withdraw from his defense in the Roberson lawsuit.

## VII.
## BASIS FOR DECLARATORY RELIEF

7.1     Palacios is not an insured under the CMIC policy and so is not entitled to a defense or indemnity under the CMIC policy.

7.2     Because the policy language precludes coverage in its entirety for the allegations against Defendant Palacios, who is not insured under the CMIC policy for any reason, CMIC is entitled to a declaration that it owes Palacios neither a duty to defend nor a duty to indemnity for any judgment Defendant Roberson may obtain against him.

## VIII.
## RESERVATION REGARDING AMENDMENT

8.1     CMIC reserves the right to amend its pleadings in this Lawsuit.

## IX.
## RELIEF SOUGHT

9.1   CMIC seeks a declaration that Defendant Palacios is not an insured under the CMIC policy issued to AV Warehousing; that CMIC has no duty to defend Defendant Palacios against the lawsuit brought against him by Defendant Roberson, that CMIC is entitled to withdraw from the defense of Defendant Palacios in the Roberson lawsuit; and that CMIC has no duty to indemnify Defendant Palacios for any liability and damages that may be awarded to Defendant Roberson against Defendant Palacios.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Central Mutual Insurance Company prays for judgment declaring that it owes no duty to defend or indemnify Defendant Palacios against the claims in Defendant Roberson's lawsuit against him and that it may withdraw from Defendant Palacios' defense in that lawsuit, and for such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP

*/s/ Stephen A. Melendi*
Stephen A. Melendi, Attorney-In-Charge
Texas Bar No. 24041468
Southern District Bar No. 38607
Stephenm@tbmmlaw.com
Matthew Rigney
Texas Bar No. 24068636
Southern District Bar No. 2870042
mattr@tbmmlaw.com
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:   214-665-0100
Facsimile:    214-665-0199
**ATTORNEYS FOR PLAINTIFF CENTRAL MUTUAL INSURANCE COMPANY**