IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CENTRAL MUTUAL INSURANCE COMPANY** | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | CIVIL ACTION NO. 4:22-1388 |
| **ANTHONY PALACIOS and ROY ROBERSON** | § § § § | |
| *Defendant.* | § | |

**CENTRAL MUTUAL INSURANCE COMPANY'S UNOPPOSED MOTION FOR SUBSTITUTED SERVICE ON DEFENDANTS
ANTHONY PALACIOS AND ROY ROBERSON**

TO THE HONORABLE COURT:

**COMES NOW** Plaintiff Central Mutual Insurance Company, and files this its Unopposed Motion for Substituted Service on Defendants Anthony Palacios and Roy Roberson, and respectfully shows as follows:

**1.
INTRODUCTION AND FACTUAL BACKGROUND**

1.1   This is a declaratory judgment action to determine whether Central Mutual has a duty to defend or indemnify Defendant Anthony Palacios under a business auto policy issued to AV Warehousing & Crating, LLC, for claims asserted by Roy Roberson in a lawsuit styled *Roy Roberson v. AV Warehousing & Crating LLC, et al*; Cause No. 202051214, pending in the 269th District Court, Harris County, Texas (Underlying Lawsuit). Central Mutual is currently defending Palacios in the Underlying Lawsuit under reservation of rights but seeks a declaratory judgment that Palacios is not an insured on the Central Mutual policy, that he is not entitled to a defense or indemnity under the Central Mutual policy, and that Central Mutual has no duty to defend or

indemnify Palacios for any judgment that may be awarded against him in the Underlying Lawsuit.

1.2    Central Mutual has attempted to serve Defendants Roberson and Palacios numerous times at their home addresses; however, it has been unable to successfully do so. Therefore, Central Mutual moves for substituted service on Defendants.

1.3    Central Mutual obtained Palacios' home address at 5722 Hopper Road, Houston, Texas, 77016 from Plaintiff's Original Petition in the Underlying Lawsuit. Ex. A ¶ 4; Ex. A-1. The Original Petition in the Underlying Lawsuit was successfully personally served on Palacios on August 28, 2020. Ex. A ¶ 4; Ex. A-2. Despite Central Mutual's diligent efforts to serve Palacios with process on five separate occasions at his residence, service at the address believed was unsuccessful. Ex. A ¶ 5; Ex. A-3.

1.4    Roberson's home address is 5350 Aero Park, Houston, Texas, 77032. Despite Central Mutual's diligent efforts to serve Roberson with process on six separate occasions, service at the address believed to be his residence was unsuccessful. Ex. A ¶ 7; Ex. A-4.

1.5    On June 23, 2022, Central Mutual contacted Roberson's attorneys in the Underlying Lawsuit, Daryl Derryberry of Derryberry Zips Wade, PLLC and James Edwards of The Law Offices of James Edwards, by email and requested that they waive service on behalf of their client, Mr. Roberson. Neither attorney ever responded to this request. Ex. A ¶¶ 8-10; Ex. A-5.

1.6    Plaintiff moves the Court for an order permitting substituted service. The method(s) Plaintiff suggests for substituted service is by delivering to anyone over the age of sixteen (16) at Palacios' suspected residence a copy of the summons, Original Complaint, and a copy of the Court's order permitting substituted service, or by attaching the foregoing documents to the front entrance of Palacios' suspected residence.

1.7     Plaintiff further moves the Court for an order permitting substituted service on Mr. Roberson. The method that Plaintiff suggests for substituted service is by certified mail of process, as well as a copy of the Court's order permitting substituted service, to Mr. Roberson's counsel of record in the Underlying Lawsuit, who are actively litigating the Underlying Lawsuit on behalf of Mr. Roberson. Alternatively, Plaintiff requests the Court enter an order allowing any method of substituted service the Court deems appropriate in this circumstance under Texas law.

## 2.
## ARGUMENT AND AUTHORITY

**A.     The Evidence Supports the Need for Substituted Service on Palacios and Roberson.**

2.1     As explained below, the evidence in this case shows that numerous unsuccessful attempts at personal service have been made to both Palacios and Roberson, and there is a need for substituted service. Palacios and Roberson are individuals. Federal Rule of Civil Procedure 4(i) governs service of process on individuals. Rule 4(e)(1) allows for service of process on an individual in a number of ways, including by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. …" Fed. R. Civ. P. 4(e)(1). Federal law, therefore, incorporates state law for purposes of service of process. Rule 106 of the Texas Rules of Civil Procedure provides:

> **TRCP 106. METHOD OF SERVICE**
>
> (a) Unless the citation or an order of the court otherwise directs, the citation must be served by
>
>   (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
>
>   (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
>
> (b) Upon motion supported by a statement-sworn to before a notary or made under penalty of perjury-listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted

under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:

(1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or

(2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

2.2    As outlined in the Texas Rules of Civil Procedure, substituted service is appropriate when two requirements are met. First, a plaintiff must provide a notarized statement "listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted" according to Rule 106(a). *See* Tex. R. Civ. P. 106(b); *see also Wilson v. Dunn*, 800 S.W.2d 833, 834 (Tex. 1990). In this case, Plaintiff has attached evidence documenting unsuccessful service attempts for both Defendants — personal service to Palacios and Roberson, and a request for waiver of service through Mr. Roberson's attorneys. Exs. A-3; A-4; A-5. Public records indicated that the attempted service addresses for Palacios and Roberson were known addresses where each could be found. Palacios' address was derived from the state court petition in the Underlying Lawsuit, where Palacios was effectively served, and Roberson's address was derived from reliable public records. But, Plaintiff's process server could not find either Defendant at each respective location, and Mr. Roberson's attorneys have failed to respond to requests for waiver of service, despite actively pursuing claims on behalf of Roberson in the Underlying Lawsuit. Exs. A ¶¶ 3-10; A-3; A-4; A-5. In addition, Plaintiff must state facts "showing that service has been attempted under either [106](a)(1) or (a)(2) at the location named in such affidavit but has not been successful." *Wilson,* 800 S.W.2d at 834*.* In this case, Plaintiff has attempted to serve Palacios and Roberson under Texas Rule 106(a)(1), as incorporated by Federal Rule 4(e)(1). Given Central Mutual's inability to serve Palacios and Roberson at the locations which are likely to be their residences, the unresponsiveness of Mr. Roberson's counsel, and the

fact that more than four months have passed since service was first attempted, Plaintiff believes that further attempts to serve Mr. Simpson will likely be unsuccessful.

2.3     The Texas Supreme Court has found that when an affidavit support of a motion for substituted service sets forth specific facts documenting unsuccessful attempts at service, Rule 106(b) is satisfied. *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993). Therefore, the evidence provided by Plaintiff is sufficient to show that substituted service on Palacios and Roberson should be granted.

**B.     Substituted Service By Leaving Process and A Copy of the Court's Order Granting Substituted Service At Palacios' Residence Is Reasonably Calculated To Provide Notice of the Lawsuit to Palacios**

2.4     A court may authorize substituted service which, as shown by affidavit or other evidence is reasonably calculated to provide notice of the lawsuit. *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993); *see also* Tex. R. Civ. P. 106; *Joe Hand Promotions, Inc. v. Citadel Sports Bar & Grill LLC*, No. W-18-CV-00285-ADA, 2018 WL 11265409 (W.D. Tex. Nov. 16, 2018). Plaintiff respectfully advises the Court that it believes that service of the summons, complaint, and a copy of the order granting substituted service by leaving a copy of the foregoing with anyone over the age of sixteen (16) at the defendant's suspected residence or by attaching the foregoing documents to the front entrance of Palacios' residence would be an effective method. *See* Ex. A ¶¶ 3-5; Ex. A-3. Substituted service by either of these methods is reasonably calculated to provide notice to Mr. Palacios of this Lawsuit given he was previously served at the address which is listed as his residence in the Original Petition in the Underlying Lawsuit. Ex. A-1. Because the supporting affidavits and other evidence shows that substituted service on Palacios is reasonably calculated to provide him with notice of the lawsuit, Plaintiff's motion for substituted service should be granted.

2.5     In the alternative, Plaintiff moves for substituted service in any form the Court determines is appropriate under the present circumstances.

**C.     Substituted Service By Leaving The Process With Roberson's Counsel of Record Is Reasonably Calculated To Provide Notice of the Lawsuit To Simpson.**

2.6     Plaintiff respectfully advises the Court that it believes that service of the summons, complaint, and a copy of the order granting substituted service by certified mail to Roberson's counsel, Daryl Derryberry and James Edwards, would be an effective method. *See* Ex. A ¶¶ 6-10. Substituted service by certified mail to Mr. Derryberry and Mr. Edwards is reasonably calculated to provide notice to Roberson of this Lawsuit given they are listed as his attorneys in the Underlying Lawsuit, where Roberson has filed a Third Amended Petition that includes emails within the signature blocks of both attorneys. Ex. A-6. Because the supporting affidavits and other evidence shows that substituted service on Mr. Derryberry and Mr. Edwards is reasonably calculated to provide Roy Roberson with notice of the lawsuit, Plaintiff's motion for substituted service should be granted.

2.7     In the alternative, Plaintiff moves for substituted service in any form the Court determines is appropriate under the present circumstances.

### 3. CONCLUSION

The evidence shows that Central Mutual Insurance Company has been unsuccessful in its attempts to serve Anthony Palacios and Roy Roberson with process in this suit. It further shows that effectuating service via the methods outlined above will be effective to provide each Defendant with notice. This Court is enabled under Fed. R. Civ. P. 4 and Tex. R. Civ. P. 106 to authorize substituted service in a manner the evidence shows till be reasonably effective to give the defendant notice of the suit. Therefore, Plaintiff prays the Court authorize substituted service

on Anthony Palacios via leaving a copy of the summons, original complaint, and order granting this Motion with anyone over the age of sixteen (16) at the defendant's suspected residence or by attaching the foregoing documents to the front entrance of Palacios' residence. Plaintiff further prays that the Court authorize substituted service on Roy Roberson via email of a copy of the summons, original complaint, and order granting this Motion to Mr. Darryl Derryberry and Mr. James Edwards.

**WHEREFORE,** Plaintiff Central Mutual Insurance Company prays the Court grant this Unopposed Motion for Substituted Service on Defendants Anthony Palacios and Roy Roberson and authorizes Plaintiff to serve process on both Defendants via the methods of substituted service requested in above; Central Mutual further prays for any other relief to which it is entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi, Attorney-In-Charge
Texas Bar No. 24041468
Southern District Bar No. 38607
Stephenm@tbmmlaw.com
Matthew Rigney
Texas Bar No. 24068636
Southern District Bar No. 2870042
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:    214-665-0100
Facsimile:    214-665-0199
**ATTORNEYS FOR PLAINTIFF
CENTRAL MUTUAL INSURANCE
COMPANY**

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 19, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record in this case.

                                                   */s/ Stephen A. Melendi*
                                                   Stephen A. Melendi