# EXHIBIT A-1

8/25/2020 3:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 45689801
By: Cecilia Thayer
Filed: 8/25/2020 3:29 PM

2020-51214 / Court: 269

CAUSE NO. ________________

| | | |
|---|---|---|
| ROY ROBERSON<br>*Plaintiff* | §<br>§ | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| AV WAREHOUSING & CRATING, LLC<br>and ANTHONY PALACIOUS<br>*Defendants* | §<br>§<br>§ | ________ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ROY ROBERSON, (hereinafter referred to as "Plaintiff," or by name), complaining of AV WAREHOUSING & CRATING, LLC and ANTHONY PALACIOUS (collectively "Defendants"), and for cause of action would respectfully show the Court the following:

## I.
## DISCOVERY CONTROL PLAN

Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

**Plaintiff respectfully requests that this Court enter an appropriate Scheduling Order so that discovery may be conducted in this case pursuant to Level 3.**

## II.
## PARTIES

Plaintiff is a resident of Harris County, Texas.

Defendant, AV WAREHOUSING & CRATING, LLC is, and at all times material hereto was, a corporation organized under the laws of the State of Texas and actively doing business in the State of Texas; It may be served with process by serving its registered agent for service of

process, ALBERT VASQUEZ, at: 1535 Mooney Rd., Houston, TX, 77093, or wherever he may be found.

Defendant ANTHONY PALACIOUS ("Defendant Driver") is a resident of Harris County, Texas. He may be served with process at his residence: 5722 Hopper Rd., Houston, TX, 77016; his place of business (AV Warehousing & Crating, LLC), 1535 Mooney Rd., Houston, TX, 77093, or wherever he may be found.

To the extent that any of the above-named Defendant(s) are conducting business pursuant to a trade name or assumed name, then suit is brought against Defendant(s) pursuant to the terms of Rule 28 of the *Texas Rules of Civil Procedure*, and Plaintiff hereby demands that upon answering the suit, that Defendant(s) answer in both Defendant(s)' correct legal name and Defendant(s)' assumed name(s).

## III.
## JURISDICTION AND VENUE

The Court has jurisdiction over the subject matter of this lawsuit, and the damages sought by Plaintiff in this cause of action are within the jurisdictional limits of the Court.

Venue is proper in Harris County, Texas, pursuant to *Texas Civil Practices and Remedies Code* Chap. § 15.002(a)(1) because it is the county in which all, or a substantial part, of the events and/or omissions giving rise to this lawsuit occurred. Lastly, no mandatory venue provision applies.

## IV.
## VICARIOUS LIABILITY

Whenever in this petition it is alleged that a Defendant did any act or thing, or failed to do any act or thing, it is meant that Defendant both individually and through Defendant's respective employees or representatives, did such act or thing, or failed to do such act or thing, and that, at

the time such act or thing was done or was failed to be done, it was done or failed to be done in the ordinary course and scope of employment with Defendant(s).

Therefore, at all times material to this cause, Defendant ANTHONY PALACIOUS was employed by AV WAREHOUSING & CRATING, LLC and was acting within the course and scope of his employment and/or agency as agent, servant, employee, vice-principal, and/or alter-ego of AV WAREHOUSING & CRATING, LLC at the time that he injured Plaintiffs due to his negligent and grossly negligent conduct described below. Accordingly, AV WAREHOUSING & CRATING, LLC is liable for the negligence of Defendant ANTHONY PALACIOUS pursuant to *respondeat superior*, joint venture, single business enterprise, vice-principal, alter-ego, apparent/ostensible agency and/or agency by estoppel, as those terms are applied and defined under the laws and the statutes of the State of Texas.

## V.
## FACTS

On or about August 7, 2020 at approximately 13:00 p.m., at or near the intersection of Hartwick Rd. and Hirsch Rd., in Houston, Harris County, TX, a commercial vehicle, which was owned by Defendant AV WAREHOUSING & CRATING, LLC and which was being operated by Defendant ANTHONY PALACIOUS while he was in the course and scope of his employment and/or agency with AV WAREHOUSING & CRATING, LLC, collided with a vehicle that was being operated by Plaintiff, ROY ROBERSON.

Defendants' failure(s) to use ordinary care in the operation of Defendants' vehicle was a proximate cause of this collision and of Plaintiffs' resulting damages.

**VI.**
**NEGLIGENCE, NEGLIGENCE PER SE, AND GROSS NEGLIGENCE AS TO DEFENDANT, ANTHONY PALACIOUS**

Plaintiff alleges that on the occasion in question, ANTHONY PALACIOUS failed to use ordinary care by various acts and omissions in at least the following ways:

a. Failing to Control Speed;

b. Failure to Stop at Proper Place;

c. Driver Inattention;

d. Failing to keep a proper lookout;

e. Failing to take appropriate evasive action;

f. Failing to use due caution;

g. Failing to properly operate the vehicle; and,

h. Operating the vehicle with willful or wanton disregard for the safety of persons or property.

Each and all of the above stated acts and/or omissions constitute negligence, negligence per se, and/or gross negligence and the same are a proximate cause of the injuries and damages sustained by Plaintiff.

**VII.**
**NEGLIGENCE AND NEGLIGENT ENTRUSTMENT AS TO DEFENDANT AV WAREHOUSING & CRATING, LLC**

Plaintiff further alleges that, on the occasion in question, AV WAREHOUSING & CRATING, LLC owned and/or controlled the vehicle that was operated by DEFENDANT ANTHONY PALACIOUS, and Defendant ANTHONY PALACIOUS was in possession of said vehicle with the express consent of AV WAREHOUSING & CRATING, LLC at the time the collision at issue in this case occurred.

DEFENDANT AV WAREHOUSING & CRATING, LLC entrusted the vehicle to DEFENDANT ANTHONY PALACIOUS for the purpose of operating it, and DEFENDANT ANTHONY PALACIOUS operated it with the knowledge, consent, and permission of DEFENDANT AV WAREHOUSING & CRATING, LLC. At such time, ANTHONY PALACIOUS was incompetent and unfit to safely operate a motor vehicle. AV WAREHOUSING & CRATING, LLC knew or should have known, in the exercise of due care, that ANTHONY PALACIOUS was an incompetent and unfit driver who was more than likely going to create an unreasonable risk of danger to persons and property.

Plaintiff also alleges that, upon the occasion in question, AV WAREHOUSING & CRATING, LLC was negligent for failing to use ordinary care by various acts and omissions in at least the following ways:

a. Knowingly and negligently entrusting its vehicle to a reckless, incompetent, and/or unlicensed driver;

b. Knowingly and negligently entrusting its vehicle to an uninsured driver;

c. Knowingly and negligently entrusting its vehicle to an inexperienced driver;

d. Failing to use reasonable care in recruiting and selecting employees;

e. Failing to use reasonable care in the discipline, re-training and/or termination of incompetent, careless, or reckless employees;

f. Failing to use reasonable care in training employees; and

g. Failing to use reasonable care in monitoring and supervising the conduct of employees; and,

h. Failing to use reasonable care in the retention of incompetent employees.

Each and all of the above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## VIII.
## GROSS NEGLIGENCE

By reason of such willful, malicious and intentional conduct as described throughout this petition, Plaintiff is entitled to, and therefore asserts a claim for, punitive damages in an amount sufficient to punish and deter Defendants and other similarly situated entities from such conduct in the future. Defendants acted with conscious indifference to Plaintiff's rights, safety and welfare.

The grossly negligent acts and/or omissions of Defendants set forth above were singularly and/or cumulatively a proximate cause of the injuries and damages alleged by Plaintiff herein.

## IX.
## DAMAGES

Plaintiff sustained injuries and damages as a proximate result of Defendants' conduct, and Plaintiff will respectfully request that the Court and Jury determine the amount of loss Plaintiff has incurred in the past and in the future, not only from a financial standpoint but also in terms of good health and freedom from pain and worry. There are certain elements of damages which are provided for by law that Plaintiff is entitled to have the Jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred.

From the date of the incident in question up to the time of trial of this case, such elements of damages to be considered separately and individually for the purpose of determining the sum of money to compensate Plaintiff are as follows:

a. The physical pain that Plaintiff has suffered as a result of the incident in question up to the time of trial;

b. The mental anguish that Plaintiff has suffered from the date of the incident in question up to the time of trial;

c. The amount of reasonable medical, custodial, and attendant care expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of the incident in question up to the time of trial;

d. The damages resulting from the physical impairment suffered by Plaintiff and their resulting inability to do those tasks and services that he would ordinarily have been able to perform;

e. The damages resulting from the physical disfigurement suffered by Plaintiff as a result of the incident in question up to the time of trial;

f. The pecuniary value of the household and other services that Plaintiff would have performed between the time of the incident in question and the time of trial; and,

g. Lost wages in the past.

From the time of time of trial, the elements of damages to be separately considered which Plaintiff will sustain in the future beyond the time of trial are such of the following that are shown by a preponderance of the evidence:

a. The physical pain that Plaintiff will suffer beyond the time of trial;

b. The mental anguish that Plaintiff will suffer in the future beyond the time of trial;

c. The reasonable value of medical, custodial and attendant care expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

d. The damages resulting from the physical impairment that Plaintiff will continue to suffer in the future and her resulting inability to do those tasks and services that he ordinarily would have been able to perform beyond the time of trial of this case;

e. The damages resulting from the physical disfigurement that will be suffered by Plaintiff beyond the time of trial of this case;

f. The pecuniary value of the household and other services that Plaintiff would have performed beyond the time of trial; and,

g. Loss of future earning capacity.

Upon trial of this case, the evidence will show that the Plaintiff has been damaged and will be damaged in a sum greatly in excess of the minimal jurisdictional limits of this Honorable Court, for which amount Plaintiff now brings suit.

**X.**
**PUNITIVE DAMAGES**

Plaintiff also seeks punitive damages from Defendants pursuant to *Tex. Civ. Prac. & Rem. Code* § 41.003 for Defendants' gross negligence/malice that resulted in the Plaintiff's injuries and damages as set forth above. Plaintiff prefers to leave the precise amount of punitive damages to the sole determination of the jury, based upon the credible evidence presented at trial. In assessing punitive damages against Defendants, the jury should take into consideration the following: 1) the nature of the Defendants' wrong; 2) the character of the conduct involved; 3) the degree of culpability of the wrongdoers; 4) the situation and sensibilities of the parties concerned; and, 5) the extent to which such conduct offends a public sense of justice and propriety. *See Alamo National Bank v. Kraus,* 616 S.W.2d 908, 910 (Tex. 1981).

The jury should also be guided by previous exemplary sums, if any, paid by or on behalf of the Defendants for the same or similar unsafe practices as alleged in this case. Finally, the jury should consider the net worth of the Defendants, and as an element of punitive damages, the jury should consider the Plaintiff's reasonable attorney's fees.

**XI.**
**RULE 193.7 NOTICE**

Pursuant to Rule 193.7 of the *Texas Rules of Civil Procedure*, Plaintiff hereby gives actual notice to all Defendants that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document or materials at any pretrial proceeding and/or

trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

## XII.
## REQUESTS FOR DISCLOSURE

**Pursuant to Rule 194 of the *Texas Rules of Civil Procedure*, all Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2.**

## XIII.
## JURY DEMAND

Pursuant to *Texas Rules of Civil Procedure* 216, Plaintiff demands a jury trial. The requisite jury fee has been paid.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff recovers the damages, both jointly and severally, as specified above, from the Defendants, plus costs of court, interest at the legal rate, both pre-judgment and post-judgment, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may show himself to be justly entitled under the facts and circumstances.

(SIGNATURE BLOCK ON NEXT PAGE)

/

Respectfully submitted,

THE LAW OFFICES OF JIM EDWARDS, PLLC

By:__________ __________________ _

**James R. Edwards**
State Bar No. 24078466
Email: firm@jimedwardslaw.com
550 Westcott St., Ste. 470
Houston, Texas 77007
Tel: 832-742-9153
Fax: 832-565-7925

ATTORNEY FOR PLAINTIFF