# EXHIBIT A-6

9/28/2021 4:51 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57685851
By: Rhonda Momon
Filed: 9/28/2021 4:51 PM

CAUSE NO. 2020-51214

| | | |
|---|---|---|
| ROY ROBERSON<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| AV WAREHOUSING & CRATING, LLC<br>and ANTHONY PALACIOS<br>*Defendants* | §<br>§<br>§ | 269TH JUDICIAL DISTRICT |

**PLAINTIFF'S THIRD AMENDED PETITION AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ROY ROBERSON, (hereinafter referred to as "Plaintiff," or by name), complaining of ANTONIO CARDONIA PALACIOS d/b/a LAREDO AUTO TRUCK REPAIR and ANTHONY PALACIOS (collectively "Defendants"), and for cause of action would respectfully show the Court the following:

**I.**
**DISCOVERY CONTROL PLAN**

Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

**II.**
**PARTIES**

Plaintiff, ROY ROBERSON ("Plaintiff" or "Roberson") is a resident of Texas.

Defendant, ANTONIO CARDONIA PALACIOS d/b/a LAREDO AUTO TRUCK REPAIR ("Laredo") is, and at all times material hereto was, a corporation organized under the laws of the State of Texas and actively doing business in the State of Texas. Defendant may be served by serving its' owner and CEO, Antonio Cardonia Palacios, at 5722 Hopper Rd., Houston, TX, 77016, or wherever he may be found.

Defendant ANTHONY PALACIOS ("Palacios" or "Defendant Driver") is a resident of Harris County, Texas. He has answered this lawsuit and is before the court for all purposes.

To the extent that any of the above-named Defendant(s) are conducting business pursuant to a trade name or assumed name, then suit is brought against Defendant(s) pursuant to the terms of Rule 28 of the *Texas Rules of Civil Procedure*, and Plaintiff hereby demands that upon answering the suit, that Defendant(s) answer in both Defendant(s)' correct legal name and Defendant(s)' assumed name(s).

## III.
## JURISDICTION AND VENUE

The Court has jurisdiction over the subject matter of this lawsuit, and the damages sought by Plaintiff in this cause of action are within the jurisdictional limits of the Court.

Venue is proper in Harris County, Texas, pursuant to *Texas Civil Practices and Remedies Code* Chap. § 15.002(a)(1) because it is the county in which all, or a substantial part, of the events and/or omissions giving rise to this lawsuit occurred. Lastly, no mandatory venue provision applies.

## IV.
## FACTS

On or about August 7, 2020 at approximately 1:00 p.m., at or near the intersection of Hartwick Rd. and Hirsch Rd., in Houston, Harris County, TX, a commercial vehicle, which was being permissively operated by an authorized driver, PALACIOS, who was speeding above the posted speed limit of 35 mph and crashed into the vehicle that was being operated by ROBERSON.

In this regard, the large commercial vehicle had been taken to Laredo Auto Truck Repair ("LAREDO") for repair work. Upon information and belief, PALACIOS was working for LAREDO and had taken the large commercial vehicle to be washed, was returning the large

commercial truck to LAREDO. PALACIOS was speeding above the speed limit of 35 mph and violently crashed into ROBERSON'S vehicle ("the Wreck"). Defendants' failure(s) to use ordinary care in the entrustment and operation of the large commercial truck was a proximate cause of the Wreck and Plaintiff's resulting damages.

**V.**
**CAUSES OF ACTION AGAINST LAREDO AND PALACIOS**

*Negligence*

At the time and place in question, LAREDO AUTO TRUCK REPAIR, by and through its permissive driver, PALACIOS, was guilty of the following separate acts of negligence, each of which, singularly or in combination, were a proximate cause of the injuries, harms and losses alleged herein.

Additionally, PALACIOS, as a permissive driver of the large commercial truck, was using it with the owner's knowledge, consent and approval. Further, PALACIOS was guilty of negligence for the following reasons:

a. Failing to control his speed;

b. Driver inattention;

c. Failing to maintain a proper lookout as a person using ordinary care would have done;

d. Failing to drive the posted speed limit;

e. Failing to heed traffic laws as a person using ordinary care would have done under the same or similar circumstances;

f. Failing to take appropriate evasive action to avoid the Wreck such as a reasonably prudent person would have done under the same or similar circumstances; and

g. Operating the large commercial truck with willful or wanton disregard for the safety of other drivers using Texas highways, including Plaintiff;

Plaintiff would show that LAREDO'S omissions or acts through its officers, vice-principals, employees, permissive drivers or agents, as set forth herein and otherwise, constitutes negligence, each and all of which were a proximate cause of the Wreck and Plaintiff's resulting injuries, harms and losses. These acts and/or omissions include but are not limited to the following:

a. Failing to develop and implement policies and procedures relating to the safe use of its fleet of company vehicles by inadequately trained and/or inexperienced permissive drivers operating large commercial trucks over whom it exercised control;

b. Failing to adequately and/or properly train and supervise its permissive drivers over whom it exercised control in connection with the operation of its fleet of company vehicles;

c. Failing to ensure that inexperienced permissive drivers over whom it exercised control had the requisite amount of experience and training to operate one of its fleet of large company vehicles;

d. Failing to adequately train, manage, direct, and/or supervise its permissive drivers over whom it exercised control who were operating any of its fleet of large company vehicles;

e. Failing to exercise reasonable care in the supervision of permissive drivers over whom it exercised control in connection with the operation of its fleet of large company vehicles;

f. Failing to reasonably exercise the supervisory right of its permissive drivers over whom it exercised control in connection with the operating of its fleet of large company vehicles;

g. Failing to stop its permissive drivers over whom it exercised control from operating any of its fleet of company vehicles in an unsafe manner and failing to train and instruct permissive drivers over whom it exercised control to operate its fleet of large company vehicles in a manner that would have prevented the serious injuries sustained by Plaintiff on the date of the Wreck;

h. Failing to comply with its policies and procedures relating to conducting safety meetings with its permissive drivers over whom it exercised control in connection with the operation of its fleet of large vehicles;

i. Failing to properly implement Job Safety Analysis ("JSAs") relating to the safe operation of its fleet of company vehicles for its permissive drivers over whom it exercised control;

j. Failing to ensure a competent, adequately trained permissive driver over whom it exercised control, was operating the subject large commercial truck on the date of the Wreck;

k. Failing to ensure a competent supervisor or other worker was assigned and was working at all times to safely monitor its permissive drivers over whom it exercised control, to ensure permissive drivers over whom it exercised control, could safely operate its fleet of large company vehicles;

l. Failing to require its permissive drivers over whom it exercised control could properly and safely operate its fleet of large company vehicles on the date of the Wreck;

m. Failing to develop and/or implement a post-accident drug and/or alcohol testing policy for its permissive drivers over whom it exercised control;

n. Failing to perform a post-accident drug and/or alcohol test or take other remedial action relating the permissive driver PALACIOS after the Wreck;

o. Failing to ensure that a safety meeting occurred prior to the permissive driver PALACIOS's operation of the large company vehicle on the date of the Wreck;

p. Failing to have policies and procedures in place, including obtaining MVRs and performing criminal background checks on permissive drivers who were entrusted with operating its fleet of large company vehicles in the furtherance of its for-profit business interests;

q. Failing to conduct a road test of PALACIOS prior to allowing him to permissively operate a large vehicle; and

r. Failing to comply with recognized industry standards, including American National Standard-ANSI/ASSE Standard Z15.1-2017- S*afe Practices of Motor Vehicle Operation.*

s. Failing to develop and implement any standards for the Safe Practices of Motor Vehicle Operations per appropriate national standards for companies such as LAREDO, including failing to develop written safety policies, failing to enforce those policies if they existed at the time of the Wreck, failing to develop organizational safety rules and proper orientation and training permissive drivers driving company vehicles, failing to have a distracted driving policy, failing to perform background checks on permissive drivers driving company vehicles, failing to develop and implement incident reporting and analysis policies, failing to develop and implement a policy on analysis of causal and contributing factors to incidents involving company vehicles and failing to develop and implement policies on the determination of whether incidents are preventable;

t. Committing other acts and/or omissions of negligence, which will be specified at the time of trial.

All of the above identified acts or omissions on the part of LAREDO and/or its agents, servants, employees, vice-principals, permissive drivers and/or hired hands over whom it exercised control, including PALACIOS, was or were a proximate cause of the Wreck and the resulting injuries, harms and losses sustained by the Plaintiff.

Plaintiff would show that each of the foregoing acts and/or omissions constituted negligence and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the Wreck, and the serious, debilitating and life altering injuries, harms and losses sustained by Plaintiff. Plaintiff sustained injuries to his left knee, left elbow, left shoulder, head, neck and lower back and he also sustained a traumatic brain injury ("TBI"). Plaintiff has sought and continues to seek reasonable and necessary medical treatment for the injuries he sustained in this crash.

*Gross Negligence*

Defendant, LAREDO, by and through its vice-principals negligently allowed PALACIOS to permissively operate one of its large company owned vehicles without conducting any investigation of his driving ability and without any knowledge of his driving ability or prior driving history.

Additionally, LAREDO, by and through its vice-principals, had actual knowledge that it was responsible for ensuring PALACIOS, as a permissive driver of one of its large company vehicles, complied with all safety policies and procedures of LAREDO, including, but not limited to, defensive driving techniques and driving safety policies. However, it failed in all respects with regard to ensuring PALACIOS was aware of its defensive driving techniques and driving safety

policies because it allowed him to operate a large company vehicle without ever obtaining an MVR of PALACIOS or performing any background investigation of a 19-year-old young man's ability to operate one of its large commercial trucks in the furtherance of its for-profit business. In this regard, LAREDO allowed him to permissively drive a large company vehicle at the age of 19 when it knew, or reasonably should have known, he was not qualified to operate a large commercial truck or whether he had the capability of safely operating a large commercial truck. LAREDO's actual knowledge, by and through its vice-principals, employees, agents and/or servants, of its duties and obligations and its non-compliance with these duties and obligations is a clear indication it knew allowing PALACIOS to permissively operate one of its owned or leased fleet of large commercial vehicles without ensuring the PALACIOS possessed even the most basic safe driving skills posed a foreseeable, avoidable, and unreasonable risk to other's drivers' safety, including Plaintiff.

Plaintiff would show that the conduct of LAREDO, by and through the permissive driver, PALACIOS, on the date of the Wreck, including, but not limited to, PALACIOS's failure to control his speed, failure to take evasive action, failure to timely apply his brakes, being an inattentive driver, failing to comply with basic safe driving policies, failing to comply with LAREDO's safety policies and procedures and not ensuring PALACIOS was properly qualified and trained to operate one of its fleet of large company vehicles on Texas highways constitutes "gross neglect" as defined by Tex. Civ. PAV. & Rem. Code Section 41.003(a)(3). The acts and omissions of LAREDO, by and through its vice-principals, agents, servants and/or employees, on the date of the Wreck (i) when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (ii) of which the actor had actual, subjective awareness of the risk

involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others. As a result of this conscious indifference of LAREDO and its vice-principals, agents, servants, employees, and/or statutory employees on the date of the Wreck, Plaintiff is entitled to recover exemplary damages.

Plaintiff would show that the conduct of PALACIOS on the date of the Wreck, including, but not limited to, failing to control his speed, failing to take evasive action, failing to timely apply his brakes, being an inattentive driver, failing to comply with basic safe driving policies, failing to comply with LAREDO's safety policies and procedures, and other acts identified above, thereby causing this violent Wreck, constitutes "gross neglect" as defined by Tex. Civ. Prac. & Rem. Code Section 41.003(a)(3).

PALACIOS was aware of the illegality, and more importantly, the safety concerns of speeding in a high-volume traffic area while permissively operating one of the LAREDO owned large commercial trucks. PALACIOS knew that speeding, failing to control his speed, failing to take evasive action, failing to timely apply his brakes, being an inattentive driver, failing to comply with basic safe driving policies, failing to comply with LAREDO's safety policies and procedures, among other acts identified above, involved infringing upon the rights, safety or welfare of others, including the Plaintiff.

The acts and omissions of PALACIOS on the date of the Wreck, including, but not limited to, failing to control his speed, failing to take evasive action, failing to timely apply his brakes, being an inattentive driver, failing to comply with basic safe driving policies, failing to comply with LAREDO's safety policies and procedures, among other acts identified above, while operating with one of LAREDO's fleet of large company vehicles (i) when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk,

considering the probability and magnitude of the potential harm to others, and (ii) of which the actor had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others. As a result of this conscious indifference of PALACIOS, Plaintiff is entitled to recover exemplary damages.

*Negligent Entrustment*

Plaintiff alleges that LAREDO negligently entrusted the truck PALACIOS was permissively operating on the date of the Wreck to PALACIOS. LAREDO owned, leased and/or exercised control of whom was allowed to operate the LAREDO owned truck and trailer and PALACIOS was permissively operating this large commercial company truck at the time of the Wreck. Plaintiff asserts that LAREDO entrusted the large commercial truck to PALACIOS on the date of the Wreck, that PALACIOS was an unlicensed, incompetent or reckless driver at the time of the entrustment, that LAREDO knew or should have known PALACIOS was an unlicensed, incompetent, or reckless driver, that PALACIOS was negligent in causing the Wreck and that PALACIOS's negligence in causing the Wreck was a proximate cause of Plaintiff's injuries, harms and losses.

## VI.
## DAMAGES

Plaintiff sustained injuries and damages as a proximate result of Defendants' conduct, and Plaintiff will respectfully request that the Court and Jury determine the amount of loss Plaintiff has incurred in the past and in the future, not only from a financial standpoint but also in terms of good health and freedom from pain and worry. There are certain elements of damages which are provided for by law that Plaintiff is entitled to have the Jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred.

From the date of the incident in question up to the time of trial of this case, such elements of damages to be considered separately and individually for the purpose of determining the sum of money to compensate Plaintiff are as follows:

a. The physical pain that Plaintiff has suffered as a result of the Wreck up to the time of trial;

b. The mental anguish that Plaintiff has suffered from the date of the Wreck up to the time of trial;

c. The amount of reasonable medical, custodial, and attendant care expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of the Wreck up to the time of trial;

d. The damages resulting from the physical impairment suffered by Plaintiff and his resulting inability to do those tasks and services that he would ordinarily have been able to perform;

e. The damages resulting from the physical disfigurement suffered by Plaintiff as a result of the Wreck up to the time of trial;

f. The pecuniary value of the household and other services that Plaintiff would have performed between the time of the Wreck and the time of trial; and,

g. Lost wages in the past.

From the time of time of trial, the elements of damages to be separately considered which Plaintiff will sustain in the future beyond the time of trial are such of the following that are shown by a preponderance of the evidence:

a. The physical pain that Plaintiff will suffer beyond the time of trial;

b. The mental anguish that Plaintiff will suffer in the future beyond the time of trial;

c. The reasonable value of medical, custodial and attendant care expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

d. The damages resulting from the physical impairment that Plaintiff will continue to suffer in the future and her resulting inability to do those tasks and services that he ordinarily would have been able to perform beyond the time of trial of this case;

e. The damages resulting from the physical disfigurement that will be suffered by Plaintiff beyond the time of trial of this case;

f. The pecuniary value of the household and other services that Plaintiff would have performed beyond the time of trial; and

Upon trial of this case, the evidence will show that the Plaintiff has been damaged and will be damaged in a sum greatly in excess of the minimal jurisdictional limits of this Honorable Court, for which amount Plaintiff now brings suit.

All of Plaintiff's injuries, harms and losses as set forth herein above were proximately caused by the negligence and gross negligence of Defendants. Accordingly, Plaintiff is bringing this suit for just, reasonable, and adequate compensation against Defendants, as well as for exemplary damages. Additionally, pursuant to Rule 47(c)(5) of the Texas Rules of Civil Procedure, Plaintiff is seeking monetary relief over $1,000,000.00. However, the jury in this matter will ultimately determine what amount of fair and reasonable damages should be awarded to Plaintiff for his injuries, harms and losses as a result of this Wreck. Plaintiff reserves the right to amend this pleading to conform it to the jury's verdict no matter the amount awarded by the jury. Plaintiff seeks all other elements of damages not specifically identified herein to which Plaintiff is entitled under Texas law, including prejudgment interest, post-judgment interest, all costs of court, and any and all other legal and equitable relief, as well as for judgment against Defendant, and for all other relief to which Plaintiff is justly entitled.

## VII.
## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the *Texas Rules of Civil Procedure*, Plaintiff hereby gives actual notice to all Defendants that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document or materials at any pretrial proceeding and/or

trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

## VIII.
## JURY DEMAND

Pursuant to *Texas Rules of Civil Procedure* 216, Plaintiff demands a jury trial. The requisite jury fee has been paid.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff recovers the damages, both jointly and severally, as specified above, from the Defendants, plus costs of court, interest at the legal rate, both pre-judgment and post-judgment, exemplary damages and have such other and further relief, general and special, at law and in equity, to which Plaintiff may show himself to be justly entitled under the facts and circumstances.

(SIGNATURE BLOCK ON FOLLOWING PAGE)

Respectfully submitted,

By: ***/s/ Daryl L. Derryberry***

**DERRYBERRY ZIPS WADE, PLLC**
1043 Asher Way, Suite 200
Tyler, Texas 75703
(903) 526-2767
(903) 526-2714 – Facsimile

**DARYL L. DERRYBERRY**
State Bar No. 05774600
dld@dzwlaw.com
**CRAIG D. ZIPS**
State Bar No. 00797729
czips@dzwlaw.com

**AND**

**THE LAW OFFICES OF JIM EDWARDS**
550 Westcott, Suite 470
Houston, Texas 77007
(832) 742-9153
(832) 565-7925
firm@jimedwardslaw.com

**JAMES R. EDWARDS**
State Bar No. 24078466
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served via electronic filing, on this 28TH of September 2021, to all counsel of record.

***/S/ Daryl L. Derryberry***
**Daryl L. Derryberry**

Larry E. Cotten
Craig L. Brown
Cotten & Schmidt, LLP
100 Energy Way, Suite 2000
Ft. Worth, Texas 76102
lcotton@cottenschmidt.com
cbrown@cottenschmidt.com

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Josh Lyles on behalf of James Edwards
Bar No. 24078466
josh@jimedwardslaw.com
Envelope ID: 57685851
Status as of 9/29/2021 11:11 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daryl L.Derryberry | | dld@dzwlaw.com | 9/28/2021 4:51:52 PM | SENT |
| James Edwards | 24078466 | firm@jimedwardslaw.com | 9/28/2021 4:51:52 PM | SENT |
| Jennifer Vyverberg | | jennifer@dzwlaw.com | 9/28/2021 4:51:52 PM | SENT |
| Mary Wintermote | | mwintermote@cottenschmidt.com | 9/28/2021 4:51:52 PM | SENT |
| Larry Cotten | | lcotten@cottenschmidt.com | 9/28/2021 4:51:52 PM | SENT |
| Lucille Dudley | | LDudley@cottenschmidt.com | 9/28/2021 4:51:52 PM | SENT |
| Craig LBrown | | cbrown@cottenschmidt.com | 9/28/2021 4:51:52 PM | SENT |
| Jerold H.Mitchell | | jmitchell@cottenschmidt.com | 9/28/2021 4:51:52 PM | SENT |