UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CENTRAL MUTUAL INSURANCE COMPANY,** § § § § § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | Civil Action No. 4:22-1388 | |
| § | | |
| **ANTHONY PALACIOS and ROY ROBERSON** § § § | | |
| § | | |
| *Defendants.* § | | |

**STATUS REPORT REGARDING RULE 26(f) JOINT DISCOVERY AND CASE MANAGEMENT PLAN**

TO THE HONORABLE COURT:

Pursuant to this Court's December 5, 2022 Order (ECF No. 17) and Federal Rule of Civil Procedure 26(f) Plaintiff Central Mutual Insurance Company files this Status Report Regarding the Joint Discovery and Case Management Plan, and respectfully show the Court as follows[1]:

1. **State when the parties conferred as required by Rule 26(f) and identify the counsel who conferred.**

The Parties have not conferred because Central Mutual has been unable to reach Defendant Anthony Palacios. Counsel for Central Mutual has attempted to contact Mr. Palacios as follows:

- Wednesday 12/14 — Counsel for Central Mutual emailed Mr. Palacios at the email address on his answer. The email explained that the Parties were ordered to confer, prepare a joint report, and attend the initial scheduling conference. The email also attached the Court's order and a draft of Rule 26(f) report. The email was returned undeliverable.

- Thursday 12/15 — Counsel for Central Mutual sent a text message to and called a phone number found in Central Mutual's claim file that may have been associated with Mr.

---

[1] Defendant Roy Roberson has not filed an answer in this matter. The Court granted a default judgment against Mr. Roberson on December 19, 2022 (ECF No. 19).

**STATUS REPORT REGARDING RULE 26(F) JOINT DISCOVERY AND CASE MANAGEMENT PLAN**
**PAGE 1**

    Palacios at one time. A person answered the phone call, but it was not Mr. Palacios. He stated that he did not know Mr. Palacios.

- Friday 12/16 — Counsel for Central Mutual called Mr. Palacios' defense attorney in the underlying lawsuit. The defense attorney stated that he always contacted Mr. Palacios through his mother, but had not been able to reach him in a few weeks. Counsel for Mr. Palacios forwarded his mother's email address and phone number along with the same cell phone number for Mr. Palacios that no longer belongs to him.

- Wednesday 12/21 — Counsel for Central Mutual called and left a voicemail for Mr. Palacios' mother, Ened Palacios, asking her or Mr. Palacios to call. Counsel also sent an email to Mr. Palacios' mother with the Court's order and a draft of Rule 26(f) report. Counsel has not received a return email or phone call.

- Wednesday 12/21 — Counsel for Central Mutual mailed a letter via certified mail to Palacios' last known address. The letter explained that the Parties were ordered to confer, prepare a joint report, and attend the initial scheduling conference. The letter also attached the Court's order. No response has been received via telephone, email, or regular mail.

Copies of the written correspondence is available should the Court wish to examine it.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    The underlying lawsuit that is the subject of this insurance coverage matter is styled *Roy Roberson v. A.V. Warehousing & Crating, LLC, et al.*; Cause no. 2020-51214 in the 269th District Court, Harris County, Texas.

3. **Specify the allegation of federal jurisdiction.**

    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship of the parties, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

4. **Name the parties who disagree and the reasons.**

    Central Mutual has been unable to confer with Mr. Palacios regarding whether he disagrees that the Court has jurisdiction.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   Central Mutual does not anticipate any additional parties.

6. **List anticipated interventions.**

   Central Mutual does not anticipate any interventions.

7. **Describe class-action issues.**

   None.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Initial disclosures have not been exchanged; however, Central Mutual will attempt to serve initial disclosures via regular mail to Mr. Palacios' last known address and by email to his mother's email address by January 20, 2023. Central Mutual will also serve the disclosures via any other method the Court deems proper.

9. **Describe the proposed agreed discovery plan, including:**

   A. **Responses to all the matters raised in Rule 26(f).**

   Central Mutual provides the following responses:

   **(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

   Central Mutual believes that no discovery is necessary to determine the duty to defend, as it is a question of law for the Court determined the eight-corners rule. It will attempt to serve its Rule 26(a) disclosures no later than January 23, 2022.

**(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

Central Mutual believes that no discovery is necessary to determine the duty to defend, as it is a question of law for the Court determined the eight-corners rule. Central Mutual anticipates being able to file a summary judgment motion with 90 days of the Rule 16 conference. If the Court determines that either (1) Central Mutual has no duty to defend but the duty to indemnify is not justiciable or (2) Central Mutual has a duty to defend, then discovery may be necessary on the duty to indemnify, depending on whether the necessary facts were developed in the underlying lawsuit.

**(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

None. Central Mutual will produce documents via searchable PDF.

**(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Civil Procedure 502;**

Central Mutual does not anticipate any issues of privilege or protection. Should one arise, Central Mutual may seek entry of a protective order for confidential information.

**(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

None.

**(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

None.

B.   **When and to whom the plaintiff anticipates it may send interrogatories.**

The duty to defend is a question of law for the Court determined by the eight-corners rule; therefore, Central Mutual will not propound any interrogatories to any party regarding the duty to defend. If the duty to indemnify is not justiciable before the conclusion of the underlying lawsuit, Central Mutual may propound some interrogatories to Mr. Palacios.

C. **When and to whom the defendant anticipates it may send interrogatories.**

Central Mutual has been unable to confer with Mr. Palacios regarding potential interrogatives anticipates serving.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

The duty to defend is a question of law for the Court determined by the eight-corners rule; therefore, Central Mutual will not propound any interrogatories to any party regarding the duty to defend. If the duty to indemnify is not justiciable before the conclusion of the underlying lawsuit, depositions of witnesses with knowledge of facts necessary for the adjudication of the duty to indemnify that were not resolved by the underlying lawsuit may be necessary.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Central Mutual has been unable to confer with Mr. Palacios regarding potential depositions.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports**

Central Mutual likely will not designate any experts, as the issues in this matter are questions of law for the Court. However, Central Mutual can designate experts by May 26, 2023, and Mr. Palacios by June 26, 2023.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Central Mutual anticipates that experts can be deposed by the completion of discovery, which it suggests to be September 23, 2023.

  H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Central Mutual has been unable to confer with Mr. Palacios regarding potential expert designations.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Central Mutual has been unable to confer with Mr. Palacios regarding the discovery plan.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

No discovery has been undertaken to date.

12. **State the date the planned discovery can be reasonably completed.**

Central Mutual believes no discovery will be necessary; however, if it is, discovery can be completed by September 23, 2023.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Central Mutual has been unable to confer with Mr. Palacios regarding resolution of this matter.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Central Mutual has been unable to confer with Mr. Palacios regarding resolution of this matter.

STATUS REPORT REGARDING RULE 26(F) JOINT DISCOVERY AND CASE MANAGEMENT PLAN
PAGE 6

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    Central Mutual does not view this matter as one where ADR is likely to resolve the dispute, as the duty to defend is a question of law for the Court and essentially an "all or nothing" question. However, if the Court determines that ADR would be helpful, Central Mutual will participate in good faith.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    Central Mutual has been unable to confer with Mr. Palacios regarding trial before a magistrate judge.

17. **State whether a jury demand has been made and if was made on time.**

    No jury demand has been made.

18. **Specify the number of hours it will take to present the evidence in this case.**

    Should the case proceed to trial, the Central Mutual anticipates that the trial will require 12 hours to present the evidence.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None at this time.

20. **List other motions pending.**

    There are no motions pending in the present matter.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

The only matter Central Mutual believes needs attention from the Court is how the Court would prefer to proceed should Mr. Palacios not appear further.

22. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

<u>Attorneys for Plaintiff Central Mutual Insurance Company</u>:

Stephen A. Melendi — Attorney-In-Charge
State Bar No. 24041468
Southern Dist. Bar No. 38607
stephenm@tbmmlaw.com
Matthew Rigney
State Bar No. 24068636
Southern Dist. Bar No. 2870042
mattr@tbmmlaw.com

Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:    214-665-0100
Facsimile:    214-665-0199
<u>Defendant Anthony Palacios:</u>

Anthony Palacios – Pro Se Defendant
5722 Hopper Road
Houston, Texas 77016

Respectfully submitted,

/s/ *Stephen A. Melendi*
Stephen A. Melendi – Attorney-In-Charge
State Bar No. 24041468
Southern Dist. Bar No. 38607
stephenm@tbmmlaw.com
Matthew Rigney – Of Counsel
State Bar No. 24068636
Southern Dist. Bar No. 2870042
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:  214-665-0100
Facsimile:   214-665-0199

**ATTORNEYS FOR PLAINTIFF
CENTRAL MUTUAL INSURANCE
COMPANY**