UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CENTRAL MUTUAL INSURANCE COMPANY,** | § § § § § | |
| *Plaintiff,* | § | |
| v. | § § | Civil Action No. 4:22-1388 |
| **ANTHONY PALACIOS and ROY ROBERSON** | § § § § | |
| *Defendants.* | § § | |

**CENTRAL MUTUAL INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT AND SUPPORTING BRIEF**

Respectfully submitted,

*/s/ Stephen A. Melendi*

Stephen A. Melendi – Attorney-in-charge
State Bar No. 24041468
Southern District No. 38607
stephenm@tbmmlaw.com
Matthew Rigney
State Bar No. 24068636
Southern District No. 2870042
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:   214-665-0100
Facsimile:   214-665-0199
**ATTORNEYS FOR PLAINTIFF
CENTRAL MUTUAL INSURANCE
COMPANY**

**TABLE OF CONTENTS**

Table of Contents ...................................................................................................................... ii

Table of Authorities ................................................................................................................. iii

I.   Summary of The Argument ........................................................................................ 4

II.  Evidence ....................................................................................................................... 4

III. Nature and Stage of Proceedings ............................................................................... 5

IV.  Facts…………………………………………………………………………………..5

V.   Statement of Issues and Summary Judgment Standard…………………………….6

VI.  Duty to Defend, Duty to Indemnify and Palacios' Burden……………….....………..6

VII. Central Mutual Insurance Policy……………………………………………………….7

VIII. Argument………..………………………………………………………………..…….8

      A.   Palacios Was Working In A Business of Repairing and Servicing Vehicles ........... 9

      B.   Because There Is No Duty to Defend, There is No Duty to Indemnify ................ 10

IX.  Conclusion & Prayer ................................................................................................ 11

Certificate of Service ............................................................................................................. 12

Exhibits ............................................................................................... CENTRAL MUTUAL 001

Appendix ......................................................................................... CENTRAL MUTUAL–APP 001

# TABLE OF AUTHORITIES

**Cases**

*City of Coll. Station, Tex. v. Star Ins. Co.,* 735 F.3d 332 (5th Cir. 2013)........................................ 6

*Colony Ins. Co. v. Peachtree Constr., Ltd.,* 647 F.3d 248 (5th Cir. 2011) ...................................... 7

*Cont'l Cas. Co. v. Consol. Graphics, Inc.,* 646 F.3d 210 (5th Cir. 2011)...................................... 13

*D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co,* 300 S.W.3d 740 (Tex. 2009)................................ 6

*Evanston Ins. Co. v. Legacy of Life, Inc*., 645 F.3d 739 (5th Cir. 2011) ........................................ 6

*Farmers Tex. Cty. Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81 (Tex. 1997) (per curiam) ......... 6, 7, 10

*Gilbane Bldg. Co. v. Admiral Ins. Co.,* 664 F.3d 589 (5th Cir. 2011)............................................ 6

*JAW The Pointe, L.L.C. v. Lexington Ins. Co.,* 460 S.W.3d 597 (Tex. 2015) ................................ 6

*LCS Corr. Servs., Inc. v. Lexington Ins. Co.,* 800 F.3d 664 (5th Cir. 2015). ................................. 7

*Mid-Continent Cas. Co. v. Lynch,* 1998 U.S. Dist. LEXIS 24190 (N.D. Tex. 1998).................. 8,9

*Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines,* 939 S.W.2d 139 (Tex. 1997)................... 6

*Nautilus Ins. Co. v. Country Oaks Apartments Ltd.,* 566 F.3d 452 (5th Cir. 2009) ...................... 10

*Ooida Risk Retention Grp., Inc. v. Williams,* 579 F.3d 469 (5th Cir. 2009).................................. 6

*State Farm Lloyds v. Richards,* 966 F.3d 389 (5th Cir. 2020)........................................................ 6

*Tiblier v. Dlabal,* 743 F.3d 1004, 1007 (5th Cir. 2014) ................................................................. 6

*Trinity Univ. Ins. Co. v. Cowan,* 945 S.W.2d 819 (Tex. 1997)...................................................... 6

**Other Authorities**

FED. R. CIV. P. 56 (A)..................................................................................................................... 6

Plaintiff Central Mutual Insurance Company, pursuant to Federal Rule of Civil Procedure 56, files this Motion for Summary Judgment and Supporting Brief.

## I. SUMMARY OF THE ARGUMENT

In this insurance coverage case, Central Mutual Insurance Company issued a commercial auto liability insurance policy to AV Warehousing and Crating, LLC. Central Mutual seeks a declaration that it has no duty to defend or indemnify Defendant Anthony Palacios against the claims asserted in an underlying lawsuit styled *Roy Roberson v. AV Warehousing & Crating, LLC and Anthony Palacios*, no. 2020-51214 pending in the 269th District Court, Harris County, Texas.

Under the terms of the policy, any employee of AV Warehousing is an insured, unless that person was working for another auto repair business. Palacios was working for Laredo Auto Truck Repair, an auto repair business that is not an insured, when the accident occurred. Therefore, Palacios is not an insured on the Insurance Policy Central Mutual issued to AV Warehousing, and Central Mutual has no duty to defend or indemnify Palacios as a matter of law.

## II. EVIDENCE

In support of this Motion, Central Mutual relies on and incorporates the following evidence:[1]

Exhibit 1:   Business Automobile Liability Insurance Policy issued by Central Mutual to AV Warehousing, effective May 29, 2020 to May 29, 2021.

Exhibit 2:   Plaintiff Roy Roberson's First Amended Petition in the Underlying Case, *Roy Roberson v. AV Warehousing & Crating, LLC and Anthony Palacios*.

---

[1] The following Exhibits are attached hereto and Bates labelled continuously with the prefix "CENTRAL MUTUAL MSJ." Citations to the Exhibit refers to the Exhibit number, paragraph number (if applicable) or page number. i.e., Ex. 1 ¶ 39, at 11.

| | | |
|---|---|---|
| Exhibit 3: | | Plaintiff Roy Roberson's Third Amended Petition. |
| Exhibit 4. | | Plaintiff Roy Roberson's Fourth Amended Petition. |

### III. NATURE AND STAGE OF PROCEEDINGS

This is a declaratory judgment action regarding Central Mutual's duty to defend and indemnify Palacios against claims asserted in the Underlying Lawsuit. The Underlying Lawsuit alleges that Palacios negligently operated a vehicle entrusted to Palacios by Laredo, which proximately caused a collision and Roberson's injuries.

Palacios answered this lawsuit on November 14, 2022, wherein he denied all of the allegations asserted by Central Mutual in its declaratory judgment. ECF No. 16.

On December 5, 2022, Central Mutual filed a Motion for Default Judgment against Roberson. The Court granted the motion on December 19, 2022. ECF Nos. 18, 19.

### IV. FACTS

It is alleged in the Underlying Lawsuit that a vehicle owned by AV Warehousing was sent to Laredo for repair work on August 7, 2020. Ex. 2 at 063 and Ex. 3 at 078. Palacios was allegedly an employee of Laredo, when he was returning from having the vehicle detailed and was involved in an accident Roy Roberson, Plaintiff in the Underlying Lawsuit. Ex. 4 at 095. Roberson asserts negligence and gross negligence claims against Palacios and Laredo, as well as a negligent entrustment claim against Laredo. AV Warehousing was originally a defendant in the Underlying Lawsuit but has been dismissed. Central Mutual is defending Palacios. However, because Palacios is not an insured on the policy, Central Mutual filed this declaratory judgment action.

### V. STATEMENT OF THE ISSUES AND SUMMARY JUDGMENT STANDARD

Central Mutual has no duty to defend or indemnify Palacios and is entitled to summary judgment for the following reasons:

(1) Whether, when the accident occurred, Palacios was working in a business of selling, servicing, repairing or storing "autos" that was not AV Warehousing's, and, as a consequence was not an insured on the Central Mutual policy; and

(2) Whether the same facts that negate the duty to defend negate the possibility that Central Mutual will ever have a duty to indemnify.

Central Mutual requests that the Court grant its Motion for Summary Judgment pursuant to Federal Rule of Procedure 56. Rule 56(a) provides:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Because Central Mutual is moving for summary judgment, the above issues will be reviewed on a de novo basis. *Tiblier v. Dlabal,* 743 F.3d 1004, 1007 (5th Cir. 2014).

## VI. DUTY TO DEFEND, DUTY TO INDEMNIFY AND PALACIOS' BURDEN

An insurer's duty to defend is a question of law evaluated by the court using the eight corners rule. *City of Coll. Station, Tex. V. Star Ins. Co.*, 735 F.3d 332 at 336 (5th Cir. 2013); *see also State Farm Lloyds v. Richards*, 966 F.3d 389 at 393 (5th Cir. 2020). An insurer must defend its insured if the factual allegations in the latest amended pleading against the insured state a claim that is potentially within the coverage of the policy. *Richards*, 966 F.3d at 393; *Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines*, 939 S.W.2d 139 at 140 (Tex. 1997). The allegations are considered in light of the insurance policy without regard to their truth or falsity. *Ooida Risk Retention Grp., Inc. v. Williams*, 579 F.3d 469 at 472 (5th Cir. 2009). Only factual allegations are considered — not the legal theories or causes of action asserted. *Evanston Ins. Co. v. Legacy of Life, Inc.*, 645 F.3d 739 at 745 (5th Cir. 2011); *Farmers Tex. Cty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81 at 82 (Tex. 1997) (per curiam). The insured bears the burden of establishing the

allegations are within the scope of coverage. *JAW The Pointe, L.L.C. v. Lexington Ins. Co.*, 460 S.W.3d 597 at 603 (Tex. 2015); *Richards*, 966 F.3d 389 at 393. While the pleadings are liberally construed, "[a]rguing for a liberal construction of the plaintiff's pleadings is not equivalent to challenging the eight-corners doctrine or to requesting an exception to it." *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co*, 300 S.W.3d 740 at 743 (Tex. 2009). In reviewing whether a duty to defend exists, the Court cannot read facts into the pleadings or assume factual scenarios that might give rise to a defense obligation. *Merchs. Fast Motor Lines*, 939 S.W.2d at 142; *Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589 at 599 (5th Cir. 2011).

The duty to indemnify, on the other hand, is based on the actual facts developed in the litigation. *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248 at 253 (5th Cir. 2011); *see also Trinity Univ. Ins. Co. v. Cowan*, 945 S.W.2d 819 at 821 (Tex. 1997). The duty to indemnify is justiciable before the underlying lawsuit is resolved when the same reasons that negate the duty to defend also negate any possibility the insurer will have a duty to indemnify. *Griffin,* 955 S.W.2d at 84; *see also LCS Corr. Servs., Inc. v. Lexington Ins. Co.*, 800 F.3d 664 at 669 (5th Cir. 2015).

## VII. CENTRAL MUTUAL INSURANCE POLICY

Central Mutual issued AV Warehousing a commercial auto policy bearing number BAP 8667927 10 and effective May 29, 2020 to May 29, 2021. *See* Ex. 1 at 012. The policy's commercial auto liability insuring agreement states:

> ***SECTION II – COVERED AUTOS LIABILITY COVERAGE***
>
> \* \* \*
>
> **A. Coverage**
>
> > *We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".*

> *We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".*
>
> *We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.*

*Id.* at 020. The policy defines "insured," in pertinent part, as:

> **1.** *The following are "insureds":*
>
> a. *You for any covered "auto".*
>
> b. ***Anyone else while using with your permission a covered "auto" you own, hire or borrow, except:***
>
> * * *
>
> **(3) *Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.***
>
> * * *
>
> c. *Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.*

*Id.* at 020-021. (emphasis added). Central Mutual is entitled to summary judgment as a matter of law because Palacios was working in a business of repairing "autos" that was not AV Warehousing's. Therefore, he is not an insured, Central Mutual has no duty to defend him.

## VIII. ARGUMENT

There is no coverage under the policy for the claims asserted in the Underlying Lawsuit against Palacios because he is not an insured on the policy pursuant to paragraph 1.b.(3) quoted

above. This is because Palacios' was working for Laredo in the business of repairing vehicles when the accident occurred.

Moreover, because the same reasons that negate Central Mutual's duty to defend also preclude the possibility that Central Mutual will ever have a duty to indemnify Palacios, the Court should grant summary judgment on Central Mutual's duty to indemnify Palacios.

A.     **PALACIOS WAS WORKING IN A BUSINESS OF REPAIRING AND SERVICING AUTOMOBILES THAT WAS NOT AV WAREHOUSING'S**

Under the policy's terms, Palacios is not an insured if he was using the vehicle to sell, service, repair, park, or store "autos" for a business that is not AV Warehouse's. Ex. 1, at 020-021. Another Texas Federal District Court has applied an identical Who Is An Insured provision to hold that an employee was not an insured when engaged in the business of servicing autos for an entity other than the named insured. In *Mid-Continent Casualty Company. v. Lynch*, an employee worked for a car cleaning business that contracted with a car dealership to detail its cars. 1998 U.S. Dist. LEXIS 24190, No. 4:97-CV-938-Y at *7-8 (N.D. Tex. 1998). Suit was filed against the employee after an accident occurred during the course and scope of his employment with the car detailing business. *Id.* at **4, 7. The employee sought defense and indemnity under the insurance policy issued to the car dealership. *Id.* at *4. The insurance policy for the car dealership contained an identical who is an insured provision as appears in the Central Mutual policy here. It provided, in pertinent part:

> (2) Anyone else while using with your permission a covered auto you own, hire or borrow, except:
>
>                                                                                       \* \* \*
>
> (b) Someone using a covered auto while he or she is working in a business of selling, servicing, repairing, parking or storing autos unless that business is your garage operations.

*Id.* at *7.

The Court determined that the car detailing business was a business of servicing autos and that when the accident occurred, the employee was not employed by the car dealership. *Id.* at **8-9. Thus, the detailing service employee was not an insured on the car dealer's policy, and the car dealer's insurer had no duty to defend or indemnify the employee against the claims asserted in the lawsuit. *Id.*

Like the employee who worked for the car cleaning company in *Lynch,* Palacios was employed by Laredo Auto Truck Repair, a company that performs automobile related services (automobile repairs) when the accident occurred. Ex. 3 at 078. Further, as Palacios was an employee of Laredo, his work was controlled and directed by Laredo, not AV Warehousing. Ex. 4 at 094-095. Moreover, Central Mutual's Policy contains a "Who is An Insured" provision that is the same as the provision at issue in *Lynch*: Both provisions provide that a person is not an insured if they are using a covered auto while they are working in a business of selling, servicing, repairing, parking or storing autos for someone other than the named insured. *Lynch,* 1998 U.S. Dist. LEXIS 24190 (Civil Action No.), at *7 and Ex. 1, 020-021. Just like in *Lynch.*, where the court held that the car detailing employee was not an insured because he worked in a business of servicing autos that was not the car dealer's, Palacios is not an insured on the Central Mutual policy because, when the accident occurred, he was working for Laredo Auto Truck Repair, a company that performs automobile repairs that is not AV Warehousing. Ex. 3 at 078.

In sum, Palacios is not insured under the Policy because he was working for Laredo, a company that repairs automobiles, when the accident occurred. This provision is unambiguous and has been applied in another case with facts that align with the facts alleged in this matter. Therefore, Central Mutual is entitled to summary judgment as a matter of law on its duty to defend.

B.  **CENTRAL MUTUAL HAS NO DUTY TO INDEMNIFY PALACIOS**

The duty to indemnify is justiciable before the insured's underlying liability is determined when the insurer has no duty to defend, "and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Griffin*, 955 S.W.2d 81 at 84; *Cont'l Cas. Co. v. Consol. Graphics, Inc.*, 646 F.3d 210 at 218 (5th Cir. 2011); *see also Nautilus Ins. Co. v. Country Oaks Apartments Ltd.*, 566 F.3d 452 at 458 (5th Cir. 2009).

Palacios was not an insured under the Policy when the accident occurred, and the claim will always arise from Palacios' use of an auto in the course and scope of working in a business of selling, servicing, repairing, parking or storing autos that was not AV Warehousing's, and no facts established in the Underlying Lawsuit will change that. Therefore, the Court should hold that Central Mutual also has no duty to indemnify Palacios as a matter of law.

IX.  **CONCLUSION & PRAYER**

Palacios is not an insured on the policy Central Mutual issued to AV Warehousing because at the time of the accident, he was working for Laredo Auto Truck Repairs, a company that performs repairs on vehicles. Because Palacios is not an insured on the policy, Central Mutual has no duty to defend him. Moreover, because no evidence at trial will change the fact that Palacios was using an auto in the course and scope of working in a business of selling, servicing, repairing, parking or storing autos that was not AV Warehousing's, the duty to indemnify is justiciable now. Therefore, the Court should grant summary judgment in favor of Central Mutual on its declaratory action and hold that it has no duty to defend or indemnify Palacios against the claims asserted in the Underlying Lawsuit.

WHEREFORE, Central Mutual Insurance Company respectfully requests that the Court hold that Palacios is not an insured on the Central Mutual policy; hold that Central Mutual has no duty defend or indemnify Palacios in the underlying lawsuit; enter summary judgment in Central

Mutual Insurance Company's favor on the duty to defend and indemnify; and grant other further relief to which Central Mutual Insurance Company may be entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi – Attorney in Charge
State Bar No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
State Bar No. 24068636
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue
Suite 250 West
Dallas, TX 75204
Telephone: 214.665.0100
Facsimile: 214.665.0199
**ATTORNEYS FOR PLAINTIFF
COLONY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of March, 2023, a true copy of the foregoing was served on all appearing parties in accordance with the Federal Rules of Civil Procedure:

*/s/ Stephen A. Melendi*
Stephen A. Melendi