Case 4:22-cv-01388   Document 27   Filed on 09/19/23 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
September 19, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CENTRAL MUTUAL INSURANCE COMPANY, *Plaintiff,* | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:22-CV-1388 |
| ANTHONY PALACIOS AND ROY ROBERSON, *Defendants.* | § § § § | |

# MEMORANDUM AND RECOMMENDATION

Pending before the Court is a Motion for Summary Judgment filed by Plaintiff Central Mutual Insurance Company (CMIC). (ECF 24). Having reviewed CMIC's Motion and evidence, in addition to the applicable law, the Court RECOMMENDS that the Motion for Summary Judgment be GRANTED as set forth below.

**I.     Procedural and Factual Background**

CMIC brought this suit against Defendants Anthony Palacios (Palacios) and Roy Roberson (Roberson) seeking a judgment declaring that it has no duty to defend or indemnify Defendant Anthony Palacios in a state court lawsuit styled *Roy Roberson v. AV Warehousing & Crating, LLC, et al.*, Cause No. 2020-51214, pending in the 269th District Court of Harris County, Texas (the state court suit).[1]

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C.

ECF 1. Roberson originally filed the state court suit against AV Warehousing & Crating LLC (AV Warehousing) and Palacios, alleging that on August 7, 2020, while in the course and scope of his employment, Palacios was driving a commercial vehicle owned by AV Warehousing which collided with Roberson's vehicle. ECF 1 at ¶ 4.1. Based on these allegations, CMIC agreed to defend AV Warehousing and Palacios in the state court suit under a reservation of rights and pursuant to a business auto insurance policy CMIC had issued to AV Warehousing. *Id.* at ¶ 1.1.

After CMIC agreed to provide a defense under reservation of rights, Roberson amended his state court petition multiple times. ECF 24-1 at 62-105. On May 2, 2022, CMIC filed suit in federal court seeking a declaratory judgment that Palacios is not an "insured" under the CMIC policy, is not entitled to defense or indemnity under the policy, and that CMIC has no duty to defend or indemnify Palacios for any judgment that may be awarded against him in the state court suit. ECF 1 at ¶ 9.1. The federal court Complaint names both Palacios and Roberson as defendants. ECF 1.

Because neither Palacios nor Roberson timely responded to the Complaint, the Court granted CMIC's request for entry of default against both Defendants.

---

§ 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 25.

ECF 15. The same day that the clerk entered the default, Palacios filed an Answer. ECF 16. CMIC then filed a Motion for Default Judgment as to Roberson only, which was granted. ECF 18; ECF 19. Because Palacios answered the Complaint, CMIC filed the instant Motion for Summary Judgment seeking a declaratory judgment as to Palacios which is identical to that entered against Roberson. ECF 24. Palacios did not file a response to the Motion for Summary Judgment.

## II. Analysis

In this diversity case, the Court applies the law of the forum state, Texas. *State Farm Lloyds v. Richards*, 966 F.3d 389, 392 (5th Cir. 2020) (citing *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 527 (5th Cir. 2004)). Under Texas law, "an insurer may have two responsibilities relating to coverage—the duty to defend and the duty to indemnify." *Liberty Mut. Fire Ins. Co. v. Copart of Connecticut, Inc.*, 75 F.4th 522, 528 (5th Cir. 2023) (citation omitted). These two duties are separate and distinct. *Id.* The Court analyzes each in turn.

### A. CMIC's duty to defend Palacios.

#### 1. Legal standard.

Under Texas law, the eight-corners rule governs a court's determination of an insurer's duty to defend. *Monroe Guar. Ins. Co. v. Bitco Gen. Ins. Corp.*, 64 S.W.3d 195, 199 (Tex. 2022). The eight-corners rule states that "the scope of an insurer's duty to defend is determined exclusively by the allegations in the pleadings

3

and the language of the insurance policy." *GuideOne Specialty Mut. Ins. Co. v. Missionary Church of Disciples of Jesus Christ*, 687 F.3d 676, 682-83 (5th Cir. 2012). Under the eight-corners rule, a court compares the allegations set forth in the pleadings against the insured, taken as true, with the provisions of the insurance policy. *Monroe Guar. Ins. Co. v. Bitco Gen. Ins. Corp.*, 64 S.W.3d at 199. In a suit in which the petition against the insured has been amended, the court consults the latest amended pleading. *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004) (citation omitted).

The duty to defend exists if the facts alleged in the petition, taken as true, potentially assert a claim for coverage under the insurance policy. *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 254-55 (5th Cir. 2011); *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 310 (Tex. 2006). On the other hand, if the petition alleges only facts excluded by the policy, no duty to defend exists. *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d at 528 (citing *Fid. & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982)).

**2. The eight-corners analysis demonstrates no duty to defend Palacios.**

The Court begins the eight-corners analysis by looking at the latest amended pleading in the state court suit. The latest state court petition of which the Court is aware is Roberson's Fourth Amended Petition. ECF 24-1 at 93-106. The Fourth Amended Petition removes AV Warehousing as a Defendant and alleges that

4

Palacios "is, and at all times material hereto was, an individual doing business as Laredo Truck Repair." *Id.* at 93. Although a prior version of the state court petition alleged that AV Warehousing's vehicle "had been taken to Laredo Auto Truck Repair … for repair work," (*id.* at 78-79), the Fourth Amended Petition alleges that "AV had taken a commercial vehicle to Laredo [Truck Repair] for some reason." *Id.* at 94. The Fourth Amended Petition also alleges that AV Warehousing "provided permission for Laredo's employees and/or agents, including Palacios," to use the vehicle for "customer relations activities," and that at the time of the accident with Roberson, a Laredo employee was "performing the customer relations activity of … having the commercial vehicle detailed prior to its return to AV." *Id.* at 95. Finally, the Fourth Amended Petition offers the conclusion that, "at the time of the crash, LAREDO was not engaged in selling, servicing, repairing, parking or storing AV's commercial vehicle." *Id.* (capitalization in the original).

In sum, the Court construes these allegations as establishing that Palacios is an employee or agent of Laredo Truck Repair; AV Warehousing sent its "covered auto" to Laredo Truck Repair "for some reason"; AV Warehousing gave Laredo Truck Repair and Palacios, a Laredo employee or agent, permission to use the covered auto for "customer relations activities," including having the vehicle detailed prior to returning it to AV Warehousing; and that Palacios was in the process of having the covered auto detailed prior to returning it to AV Warehousing when

5

the accident occurred. The Court does not, however, take as true the legal conclusion in the Fourth Amended Petition that "at the time of the crash, LAREDO was not engaged in selling, servicing, repairing, parking or storing AV's commercial vehicle." ECF 24-1 at 94-95 (capitalization in the original); *see also, PPI Tech. Servs., L.P. v. Liberty Mut. Ins. Co.*, 515 F. App'x 310, 314 (5th Cir. 2013) (differentiating, in context of eight-corners analysis, legal conclusions from factual allegations in petition which are required to be taken as true); *Utica Lloyd's of Tex. v. Sitech Eng'g Corp.*, 38 S.W.3d 260, 264 (Tex. App.—Texarkana 2001, no pet.) (rejecting as part of eight-corners analysis the legal conclusions in petition and stating that a court "must look at the *facts* alleged").

Turning to the four corners of the insurance policy, CMIC insured AV Warehousing under business auto insurance policy No. BAP 8667927, effective from May 29, 2020 to May 29, 2021. ECF 24-1 at 12. The Policy language states the following:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance, or use of a covered "auto".
>
> \*   \*   \*
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages . . . . However, we have no duty to defend any "insured" against a "suit" seeking

6

>damages for "bodily injury" or "property damage" . . . to which this insurance does not apply.

*Id.* at 20. The Policy defines an "insured" as "any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage." *Id.* at 29. The subsection titled "Who Is An Insured" for the business auto insurance coverage provides:[2]

>The following are "insureds":
>
>>a. You [AV Warehousing] for any covered "auto".
>>
>>b. Anyone else while using with your permission a covered "auto" you own, hire or borrow *except*:
>>
>>>\*   \*   \*
>>
>>>(3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours [AV Warehousing's].

*Id.* at 20-21.

It is undisputed that AV Warehousing is the policyholder, that Palacios was driving one of AV Warehousing's "covered autos" at the time of the accident, and that the accident occurred within the applicable policy period. ECF 1 at ¶ 6.3; ECF 24-1 at 12, 16. Although it is undisputed that Palacios was using a covered auto, the policy obligates CMIC to pay sums an "insured" is legally obligated to pay as

---

[2] The terms "you" and "yours" refer to the named insured, AV Warehousing. ECF 24-1 at 12, 19.

7

damages for bodily or personal injury. *Id.* at 20. Thus, CMIC moves for summary judgment on the basis that Palacios is excluded from the policy's definition of "insured" pursuant to the exception in subsection (b)(3) of "Who Is An Insured" quoted above. *Id*. More specifically, CMIC argues that while Palacios was using AV Warehousing's commercial vehicle, he was an employee or agent of Laredo Truck Repair, which is not AV Warehousing's business, and that Laredo Truck Repair is in the business of servicing or repairing autos. *See* ECF 24 at 8-10.

Courts in Texas and elsewhere have analyzed policies containing identical auto business exceptions from insured status. For example, *Mid-Continent Casualty Co. v. Lynch* involved a declaratory judgment action in which Mid-Continent sought a declaration that it had no duty to defend or indemnify Lynch in an underlying lawsuit because Lynch was not an insured under a policy containing an auto business exception. No. 4:97-CV-938-Y, 1998 U.S. Dist. LEXIS 24190 (N.D. Tex. Sept. 15, 1998). Interpreting the very same policy language at issue here,[3] the court in the Northern District of Texas held that Lynch "clearly [fell]

---

[3] The policy issued by Mid-Continent to its insured defined the insured as the named insured and:
    (2) Anyone else while using with your permission a covered auto … except:
    …
        (b) Someone using a covered auto while he or she is working in a business of selling, servicing, rearing, parking or storing autos unless that business is your garage operations.

*Mid-Continent Cas. Co. v. Lynch*, 1998 U.S. Dist. LEXIS 24190, at *7.

within the exception from insured status because it [wa]s undisputed that Lynch was working in the business of servicing the auto and that business was not [the policy holder's business]." *Id*. at *7. When finding as a matter of law that the policy language excepted Lynch from insured status, the court held that the car detailing business which employed Lynch was "a business of servicing autos." *Id*. at *8 (cleaned up) (citing, *inter alia*, *Humble Oil & Ref. Co. v. Lumbermens Mut. Cas. Co.*, 490 S.W.2d 640 (Tex. App.—Dallas 1973, writ ref'd n.r.e.)).

As other courts have explained, an auto business exception, like the one in *Mid-Continent v. Lynch* and relied upon by CMIC in this case, is "based on the assumption that the lack of control over the insured vehicle increases the risk to the owner's insurer." *Motorists Com. Mut. Ins. Co. v. Hartwell*, 53 F.4th 730, 737 (1st Cir. 2022) (analyzing an identical provision). So, the exclusion clause allocates risk under the principle that "the auto business that assumes control of the vehicle should turn to its own insurer to cover any losses." *Id*.

In this case, the Fourth Amended Petition alleges that AV Warehousing sent a covered auto to Laredo Truck Repair "for some reason" and the covered auto was being used in connection with the process of "detailing" it before returning it to AV Warehousing. Like the court in *Mid-Continent v. Lynch*, the Court concludes that Laredo Truck Repair is "a business of servicing autos."[4] *Id*.; *see also Westfield Ins.*

---

[4] *See Service*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-

9

*Co. v. Advance Auto Transp., Inc.*, 457 F. Supp. 3d 715, 721 (D. Minn. 2020) (concluding that definition of "servicing" includes "the delivery of the auto to a business" engaged in repair work) (citing *United Fire & Cas. Co. v. N.H. Ins. Co.*, 684 F. Supp. 1030, 1032 (W.D. Mo. 1988)).  Because Palacios, a Laredo Truck Repair employee/agent, was using the covered auto while working in a business of servicing autos that was not AV Warehousing's business, the auto business exception applies to exclude Palacios as an "insured" under the Policy.  This conclusion makes sense because the policyholder, AV Warehousing, did not have control over the covered auto while it was being used by Palacios as an employee or agent of Laredo Truck Repair.  *See Hartwell*, 53 F.4th at 737.  Laredo Truck Repair should "turn to its own insurer[, if any,] to cover any losses" resulting from the collision at issue.  *Id.*

Accordingly, CMIC is entitled to a declaration that it has no duty to defend Palacios in the state court suit and its Motion for Summary Judgment on this issue should be granted.

---

webster.com/dictionary/service (last visited Sept. 18, 2023) (defining "service" as "to perform services for: such as . . . to repair or provide maintenance for"); *Detail*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/detail (last visited Sept. 18, 2023) (defining "detail" as "to clean and refurbish (a vehicle) very thoroughly and meticulously").

### B. CMIC's duty to indemnify.

Generally, issues concerning indemnity are not justiciable while an underlying suit remains pending because the duty to indemnify "is triggered by the actual facts that establish liability in the underlying lawsuit." *Ooida Risk Retention Grp., Inc. v. Williams*, 579 F.3d 469, 472 (5th Cir. 2009) (quoting *Columbia Cas. Co. v. Ga. & Fa. RailNet, Inc.*, 542 F.3d 106, 111 (5th Cir. 2008)). However, where "the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify," the Court may declare that an insurer has no duty to indemnify even while the underlying suit remains pending. *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997). Here, CMIC has no duty to defend Palacios in the state court suit because, at the time of the accident, Palacios was an employee working in a business of servicing and/or repairing "autos" that was not AV Warehousing's business. Thus, Palacios is excluded from the definition of "insured" under the Policy, which negates any duty by CMIC to defend or indemnify Palacios. CMIC is entitled to a declaration that it has no obligation to indemnify Palacios for any judgment in the state court suit and its Motion for Summary Judgment on that issue should be granted.

### III. Conclusion and Recommendation

For the reasons stated above, the Court RECOMMENDS that Plaintiff Central Mutual Insurance Company's Motion for Summary Judgment (ECF 24) be GRANTED; and that it be ORDERED, ADJUDGED, and DECREED that Central Mutual Insurance Company owes no duty to defend or indemnify Anthony Palacios against the claims asserted in the Underlying Lawsuit styled *Roy Roberson v. AV Warehousing & Crating, LLC and Anthony Palacios*, Cause No. 2020-51214, in the 269th District Court of Harris County, Texas.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on September 19, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge